NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 21 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ZHILIN ZHAO, | No. 16-71934 |
| Petitioner, | Agency No. A201-043-749 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 17, 2019**
Pasadena, California

Before: WARDLAW and HURWITZ, Circuit Judges, and BATAILLON,***
District Judge.

Zhilin Zhao, a native and citizen of the People's Republic of China, petitions

for review of a decision of the Board of Immigration Appeals ("BIA") dismissing

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska, sitting by designation.

her appeal from the order of an Immigration Judge ("IJ") denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1.     To qualify for asylum, an applicant must show past persecution or a well-founded fear of future persecution. 8 C.F.R. § 208.13(b). To qualify for withholding, an applicant must show that "it is more likely than not that [s]he would be subject to persecution" because of a protected ground. *Al-Harbi v. INS*, 242 F.3d 882, 888 (9th Cir. 2001) (quoting *INS v. Stevic*, 467 U.S. 407, 429–30 (1984)). Substantial evidence supports the BIA's adverse credibility determination and its resulting conclusion that Zhao failed to demonstrate eligibility for asylum or withholding of removal. In arriving at an adverse credibility determination, the IJ relied on inconsistencies in Zhao's statements about an alleged forced abortion and her alleged attempt to bring religious literature into China. *See Manes v. Sessions*, 875 F.3d 1261, 1263 (9th Cir. 2017) (stating that courts "afford a healthy measure of deference to agency credibility determinations," because IJs are able "to assess demeanor and other credibility cues") (internal quotation marks omitted). Absent Zhao's discredited testimony, no evidence before the IJ established that she was forced to have an abortion or faced persecution because she brought Christian literature to China. Nor did Zhao present any evidence of past persecution on

account of her religious beliefs; she claims that she began practicing Christianity after first leaving China.

2.     Substantial evidence also supports the denial of CAT relief. An applicant for CAT relief must show that "it is more likely than not" that she "would be tortured." 8 C.F.R. § 1208.16(c)(2). Absent her discredited testimony, Zhao submitted no evidence showing that she would be tortured if returned to China.

**PETITION FOR REVIEW DENIED.**